## EL PUEBLO *v.* GALLART ET AL.

APELACIÓN procedente de la Corte de Distrito de Guayama.

No. 71.—Resuelto en mayo 3, 1907.

APELACIÓN—PLIEGO DE EXCEPCIONES—RELACIÓN DE HECHOS—ERRORES · MANIFIESTOS.—No habiendo pliego de excepciones ni relación de hechos, y no apareciendo de los autos que se hubiera cometido algún error que justifique la revocación de la sentencia apelada, ésta debe ser confirmada.

DELITO CONTRA LA JUSTICIA PÚBLICA—PENA.—La circunstancia de haberse impuesto al acusado pena de cárcel solamente, cuando la ley señala la de multa y cárcel por la infracción del artículo 137 del Código Penal, no debe ser motivo para agravar la situación del reo, en la apelación, ni puede producir tampoco la nulidad de la sentencia, pues lejos de perjudicar, favorece, tal error, los derechos del acusado.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. Rossy, Fiscal.*

La parte apelante no compareció.

El Juez Asociado Sr. Figueras emitió la opinión del tribunal.

Este caso empezó por denuncia jurada y presentada ante el juez de paz de Salinas en la que el Policía Insular José H. Reyes expresó "que el día 15 de octubre de 1906, y en el poblado "Coquí," correspondiente al distrito judicial municipal de Guayama, José Gallardo, y otros más, le habían impedido el arresto de Luis Colón y de Juan J. Benvenutti, dando voces de "que no se arresten, y otras por el estilo, agarrando á dicho guardia por los brazos al extremo de que tuvo que hacer uso de la fuerza para arrestar á dichos acusados."

Celebrado el juicio en la Corte de Distrito de Guayama se les declaró culpables y el 16 de enero de 1907 se condenó á José Gallart ó Gallardo á la pena de un mes de arresto, y á José Contreras á la de seis meses que deberán sufrir en la cárcel común del distrito y al pago de costas por iguales partes

Aunque fueron condenados otros cinco individuos más, sólo Gallart ó Gallardo y Contreras establecieron recurso de apelación para ante esta Corte Suprema.

Pero no se ha presentado pliego de excepciones, ni exposición de hechos y ni siquiera han comparecido ante esta corte y por tal razón el fiscal de la misma solicita la confirmación del fallo apelado.

Debe advertirse que se les ha condenado por infracción del artículo 137 del Código Penal y á pesar de que la pena en él señalada es conjunta de multa máxima de cinco mil dollars y cárcel por término máximo de un año, sólo se les ha impuesto la de cárcel.

Yo creo que en un recurso de apelación no debe agravarse la situación del reo.

Además, el artículo 461 del Código de Enjuiciamiento Criminal, dice:

"Ni el hecho de seperarse de la forma prescrita por este Código para cualquier alegación ó procedimiento, ni el de que éste adolezca de algún error ó equivocación, bastará para invalidarlo, á menos que real y efectivamente haya perjudicado al acusado ó tienda á perjudicarle en cuanto á algún derecho sustancial."

Y aquí lejos de eso han salido los apelantes favorecidos con la sentencia. Por esto al presentar el caso en apelación en la forma en que lo han hecho, descubren claramente el propósito único de retardar el cumplimiento de la sentencia condenatoria.

No hay razón para revocar ni modificar el fallo apelado, y por tanto debe confirmarse con las costas del recurso á los apelantes.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados, Hernández, MacLeary y Wolf.